# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

JAMIE DOLAN,

Plaintiff,

v.

Civil Action No. 12-cv-81243
RYSKAMP/HOPKIMS

FIRST CHOICE PROPERTY MANAGEMENT GROUP, INC., AND STEVE LIPPMAN,

Defendants.

_______________________________________/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW, the Defendants, First Choice Property Management Group, Inc. and Steve Lippman (collectively "Defendants"), by and through their undersigned counsel, and in response to the Plaintiff's Motion for Partial Summary Judgment filed herein, states as follows:

1. The Plaintiff is moving for partial summary judgment on various affirmative defenses raised by the Defendants in this matter. Specifically, the Plaintiff is moving for summary judgment on the issue of whether the defense of estoppel is valid. In support of its motion, the Plaintiff cites to *Marlene Dawkins v. Fulton County Government,* 733 F.3d 1084, 1089 (11th Cir. 2013) for the elements necessary to state a cause of action for estoppels.
2. The Defendants have pled in their answer and affirmative defenses that Plaintiff submitted an email stating she was not owed any overtime pay upon her departure from her employment with First Choice Property Management Group, Inc. Based upon those allegations, the elements of equitable estoppel have been satisfied by the Defendants in

this matter, or at the very least, there remains a question of fact as to whether they have been satisfied which would preclude the entry of summary judgment in favor of the Plaintiff on this defense.

3. Specifically: (a) the party to be estopped represented material facts (the Plaintiff); (b) the party estopped was aware of the true facts (the Plaintiff knew the claim she was making was not for overtime pay); (c) the party to be estopped had reason to believe the party asserting the estoppels would rely on it (by Plaintiff sending email to the Defendants, she had reason to believe the Defendants would rely upon her statement she was not making a claim for overtime wages); (d) the party asserting the estoppel did not know nor should it have known the true facts (the Defendants were entitled to rely upon the representation of the Plaintiff and, in fact, believed there were no amounts owed to the Plaintiff for overtime wages); (e) the party asserting the estoppel reasonably and detrimentally relied upon the misrepresentation (the Defendants relied upon the statement of Plaintiff that no overtime pay was owed). *Dawson,* supra.

4. While the Defendants believe the affirmative defense has in fact been pled and all elements of the defense have been satisfied, there is at the very least, a question of fact as to whether the elements have been satisfied which would ultimately preclude the entry of summary judgment in favor of the Plaintiff on this defense.

5. The Defendants do not dispute the fact that the Plaintiff was not employed in an administrative position and therefore the administrative exemption does not apply to her claim.

WHEREFORE, the undersigned respectfully requests this Honorable Court to deny the Plaintiff's Motion for Partial Summary Judgment on the defense of estoppel and submits that

summary judgment on the issue of the administrative exemption in favor of the Plaintiff is in fact proper.

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via electronic mail this 24 day of Jan 2014 to: Andrew I. Glenn, Esq., at AGlenn@JaffeGlenn.com and Jodi J. Jaffee, Esq., at JJaffee@JaffeGlenn.com and to Kevin Mercer, Esq. at law@themercerfirm.com.

Gerstin & Associates
40 S.E. 5th Street, Suite 610
Boca Raton, FL 33432
Telephone: 561-750-3456
Facsimile: 561-750-8185
Email: joseph@gerstin.com
lisa.kochlany@gmail.com
filings@gerstin.com

By: Joseph L. Thillman

Joseph L. Thillman, Esq.
Florida Bar No. 283061