**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No.: 12-CV-81243-RYSKAMP/HOPKINS

JAMIE DOLAN,

Plaintiff,

v.

FIRST CHOICE PROPERTY MANAGEMENT
GROUP, INC. et al.,

Defendants.
_________________________/

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**THIS CAUSE** comes before the Court on Plaintiff's motion for partial summary judgment **[DE 47]** filed on January 13, 2014. Defendants filed a response in opposition **[DE 51]** on January 27, 2014. No reply was filed and the time to do so has expired. This motion is ripe for adjudication.

Plaintiff brings this action for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA). In her initial complaint, Plaintiff alleged that Defendants failed to pay her overtime compensation for late nights worked throughout her employment and for specific board meetings she attended. Defendants raised number of affirmative defenses in their Answer, including: Plaintiff is estopped from claiming damages for overtime pay due to representations made by Plaintiff that she was not owed overtime pay in an email; Plaintiff's claim should be precluded based on the "Fraud on the Court Doctrine," as her actions are diametrically opposed to the claims she raises in her Complaint; and, Plaintiff falls

within the FLSA's "administrative exception," and therefore the provisions of the FLSA do not apply.

On January 13, 2014, Plaintiff filed the instant motion, moving for partial summary judgment on Defendants' affirmative defenses. Shortly thereafter, however, Plaintiff moved to amend her complaint **[DE 46]**, which the Court granted **[DE 49]**, rendering Defendants' original Answer and Affirmative Defenses **[DE 15]** moot. The Court entered an order notifying Plaintiff that her motion for summary judgment on Defendants' affirmative defenses was improper, and that the Court would interpret her motion as a motion to strike. The Court also instructed Plaintiff to separately file her amended complaint, which she did not do. Nevertheless, Defendants filed an Answer and Affirmative Defenses to First Amended Complaint **[DE 52]** on January 27, 2014.

In Defendants' Answer and Affirmative Defenses to First Amended Complaint, Defendants reassert their affirmative defenses of estoppel and Fraud on the Court but do not include their administrative exemption defense. Therefore, Plaintiff's request to strike this defense is moot, and in any case, Defendants stipulated that Plaintiff was not employed in an administrative position in their response. *See* **[DE 51]** at 2. While the Court could consider Plaintiff's requests to strike Defendants' estoppel and Fraud on the Court defenses moot because Plaintiff did not file a renewed motion aimed at Defendants' Answer and Affirmative Defenses to First Amended Complaint and Plaintiff failed to separately file her amended complaint as directed by the Court, the Court will deny Plaintiff's motion on the merits.

Striking an affirmative defense is a drastic remedy. *See Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).[1] The Court finds

---

[1] All decisions of the former Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Defendants' affirmative defenses give notice to Plaintiff of the defenses to be raised at trial, all that is required by the Federal Rules. *See Sec. Life of Denver Ins. Co. v. Shah*, No. CV411-008, 2011 WL 3300320, at *1–2 (N.D. Ga. Aug. 1, 2011) ("[H]eightened 'plausibility' standards simply cannot apply to affirmative defenses. . . . If it is not even required that a defendant plead an affirmative defense (so long as the plaintiff has notice of the defense) it cannot be necessary for a defendant to include factual allegations supporting each affirmative defense.") (internal citation omitted); *Adams v. JP Morgan Chase Bank, N.A.*, No. 11-cv-33737, 2011 WL 2938467, at *3 (M.D. Fla. July 21, 2011) ("a defendant may be permitted to raise an affirmative defense at trial that the defendant did not even plead, so long as the plaintiff had notice of the defense"). Moreover, even viewing Plaintiff's request through the lens of the summary judgment standard, genuine issues of fact preclude partial summary judgment in favor of Plaintiff, as described in Defendants' response. For these reasons, the Court denies Plaintiff's motion for partial summary judgment/motion to strike Defendants' Affirmative Defenses.

The Court has carefully considered the motion, response, applicable law, and pertinent portions of the record. For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's motion **[DE 47]** is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 26 day of February, 2014.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE